[Cite as *State v. Coronado*, 2022-Ohio-3870.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                    CASE NO.  1-22-07

     v.

CHRYSTIAN A. JARA CORONADO,        O P I N I O N

     DEFENDANT-APPELLANT.

---

**Appeal from Allen County Common Pleas Court
Trial Court No. CR2020 0134**

**Judgment Affirmed**

**Date of Decision:   October 31, 2022**

---

APPEARANCES:

    *David Weilbacher* for Appellant

    *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Chrystian A. Jara Coronado ("Coronado"), appeals from the judgment and sentence entered in the Allen County Court of Common Pleas after a jury found him guilty of one count of aggravated burglary, with a firearm specification.

{¶2} Coronado was indicted under an amended indictment for aggravated burglary (physical harm), a first-degree felony, in violation of R.C. 2911.11(A)(1) and (B). The single count in the indictment also contained a firearm specification pursuant to R.C. 2941.145(A).

{¶3} A jury trial began on November 29, 2021. Before opening arguments, the State filed a motion for the trial court to call the victim, Frederick Collins, as a court's witness. The trial court then heard the motion, and after hearing arguments from both parties, Collins was called as the court's witness, which permitted the parties to cross-examine him. Testimony and evidence was then presented to the jury by the State. The jury found Coronado guilty of aggravated burglary and the accompanying firearm specification.

{¶4} At the sentencing hearing, the trial court sentenced Coronado to a minimum prison term of five years and a maximum prison term of seven and one-half years for the aggravated burglary conviction and a consecutive and prior to mandatory three-year prison term for the firearm specification.

{¶5} Coronado subsequently filed this appeal raising two assignments of error, which we address jointly.

### ASSIGNMENT OF ERROR NO. 1

**There was insufficient evidence to convict appellant of a gun specification pursuant to R.C. 2941.145.**

### ASSIGNMENT OF ERROR NO. 2

**The jury's finding of guilty as to the gun specification pursuant to R.C. 2941.145 was against the manifest weight of the evidence.**

*Sufficiency and Manifest Weight of the Evidence*

{¶6} Coronado argues that the evidence was insufficient to support his conviction on the firearm specification pursuant to R.C. 2941.145(A) and that the jury's guilty verdict on the firearm specification was against the manifest weight of the evidence.

{¶7} To establish a firearm specification under R.C. 2941.145(A), the State must prove that Coronado had a firearm on or about his person or under his control while committing the offense and "displayed the firearm, brandished the firearm * * *, or used it to facilitate the offense." R.C. 2941.145(A); *see State v. Wilson*, 3d Dist. Allen No. 1-20-46, 2022-Ohio-504, ¶ 111.

{¶8} In reviewing a record for sufficiency of the evidence, an appellate court must determine " 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of

the crime proven beyond a reasonable doubt.' " *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶9} " 'Unlike our review of the sufficiency of the evidence, an appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict.' " *State v. Barga*, 3d Dist. Shelby No. 17-17-14, 2018-Ohio-2804, ¶ 19, quoting *State v. Plott*, 3d Dist. Seneca Nos. 13-15-39 and 13-15-40, 2017-Ohio-38, ¶ 73. In a manifest weight analysis, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *State v. Henson*, 3d Dist. Marion No. 9-19-75, 2020-Ohio-4019, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In doing so, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*

{¶10} However, a reviewing court must allow the trier of fact appropriate discretion on matters relating to the credibility of the witnesses. *Id.,* citing *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). Further, only in the exceptional case in which the evidence weighs heavily against the conviction should an appellate court

overturn a conviction as being against the manifest weight of the evidence. *Id.,* citing *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9.

{¶11} In making his arguments in this appeal, Coronado relies solely on the trial testimony of the victim, Frederick Collins. The record reflects that Collins was reluctant to answer any questions about the May 21, 2020 incident, and the State had Collins on cross-examination as the trial court's witness. On cross-examination, Collins acknowledged that Coronado had entered his residence and that he had been struck by Coronado.

{¶12} The record also reflects that although Collins testified at trial that he did not recall Coronado having a gun with him, the State presented a recording of a 911 call made to the Lima Police Department dispatch center at approximately 4:40 a.m. on the morning of the incident and the testimony of the responding officer to Collins' statements after the incident. In that 911 call, which was played for the jury and admitted into evidence, Collins reported that his face was bleeding as a result of having just been hit in the face with a gun by Coronado. (State's Exhibit 29). The testimony of the responding officer, Patrolman Justin Wireman, was that he arrived at Collins' residence within one to two minutes of being dispatched following the 911 call. Patrolman Wireman testified that Collins told the patrolman he was pushed into the residence by Coronado and was punched by him with a gun. The patrolman said that Collins described the gun as "a black semi-automatic." (Tr.

at 72). He further testified that Collins appeared to be shaken by the incident. He also observed that Collins' left cheek bone, close to his eye, was swollen, cut, and bleeding from that area. He observed facial injuries on Collins that appeared consistent with having been struck with the front end or side of a firearm, as opposed to being struck with a fist.

{¶13} In addition, the State introduced testimony concerning an interview conducted at the police station with Collins in the early morning hours after the incident. Lima Police Detective Matt Woodworth testified that Collins appeared shaken up and in shock of what had taken place. He also observed Collins had a laceration to his cheek area on the left side of his face and the outline of this injury was round in shape, which would be consistent with having been struck with the barrel of a gun. (Tr. at 128 – 129, 131). The jury was shown photographs illustrating the facial injuries he noted. (State's Exhibits 1, 2 and 3).

{¶14} The State also played for the jury Lima Police Detective Sean Neidemire's audio/video-recorded interview of Coronado following his arrest on May 21st (State's Exhibit 27) and recorded jail phone calls initiated by Coronado (State's Exhibit 28). During the interview, Coronado ultimately admitted that he entered the residence of Collins and had punched or hit Collins. Coronado stated that he had been intoxicated and although he denied having a gun with him, he did admit to having a gun in his pickup truck at the time and also to putting the gun in

the safe in his own home after the incident. An operable Ruger semi-automatic handgun was recovered by police from the safe in that home. (State's Exhibit 25). Finally, the jail phone calls reflected that Coronado may have attempted, paid or put pressure on the victim to not cooperate in the prosecution of the case, which would explain the conflicting testimony given at trial by Collins.

{¶15} Based on our review of the record, and after reviewing the evidence presented at trial, in a light most favorable to the prosecution, we find that sufficient evidence was presented to prove that Coronado had a firearm and that he brandished, displayed, or used that firearm during the commission of the offense. Therefore, there was sufficient evidence to support Coronado's conviction for the firearm specification and the conviction was not against the manifest weight of the evidence.

{¶16} Accordingly, Coronado's two assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**